|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA |
| NATHAN BRINTON,<br><br>        Plaintiff,<br>   v.<br><br>CONCORA CREDIT INC., et al.,<br><br>        Defendant. | CASE NO. C23-6094 BHS<br><br>ORDER |

THIS MATTER is before the Court on plaintiff Nathan Brinton's motion to remand this case to superior court, Dkt. 29. Because Concora has failed to meet its burden of demonstrating that Brinton's claim exceeds $75,000, this motion is **GRANTED**.

## I.  BACKGROUND

Then-pro se plaintiff Nathan Brinton sued Concora Credit in Clark County Superior Court, alleging Concora sent him over forty spam email solicitations in violation of Washington's Consumer Protection Act (CPA) and Commercial Electronic Mail Act (CEMA). Dkt. 5, ¶ 1. He claims the emails originated from servers in Florida, California, and Washington. *Id.* ¶ 14. The Complaint does not include an aggregate value for

damages sought, but seeks damages under Washington, California, and Florida law, as well as attorneys' fees and costs. *Id.*, ¶ 37-44.

Concora timely removed the action to this Court based on diversity of citizenship. Dkt. 1. Citing civil penalties for 41 emails in violation of Washington, Florida, and California law and quantifying Brinton's request for injunctive relief amounts to be $25,000, Concora claimed the amount in controversy exceeded $75,000. *Id.*; Dkt. 30. Brinton moves to remand the case to state court, arguing that Concora erroneously calculates the amount in controversy and fails to prove that Brinton claims a concrete injury in fact as required for Article III standing.[1] Dkt. 29. He also seeks attorneys' fees and costs for removal pursuant to 28 U.S.C. § 1447(c). *Id.* at 19.

## II.  DISCUSSION

A defendant may remove any civil action brought in state court over which federal district courts have original jurisdiction. 28 U.S.C. § 1441(a). Courts strictly construe the statute against removal such that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

Cases brought in federal court based on diversity of citizenship require an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). The amount in controversy constitutes the "potential amount at stake in the litigation," *Jauregui v. Roadrunner Transportation Services, Inc.*, 28 F.4th 989, 994 (9th Cir. 2022) (emphasis omitted), as

---

[1] The Court declines to analyze whether Brinton's claims allege a concrete injury in fact as required for Article III standing.

"determined by the complaint operative at the time of removal," *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018). *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (the amount in controversy is the "sum claimed by the plaintiff . . . in good faith"). Courts must consider any future attorneys' fees recoverable by statute or contract when assessing the amount in controversy. *Fritsch v. Swift Transportation Company of Arizona, LLC*, 889 F.3d 785, 794 (9th Cir. 2018).

When it is not facially evident on the complaint, the defendant bears the burden of proving by a preponderance of the evidence that the jurisdictional amount is met. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). This means the defendant "must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson*, 319 F.3d at 1090.

Concora does not persuasively demonstrate that Brinton's claims meet the jurisdictional amount. It arrives at an estimated amount in controversy of $82,000 by assuming each of the 41 emails violate Washington, California, and Florida law. Concora provides no supporting evidence as to the number of emails that originated from servers in each state. Instead, the calculation presumes that servers in all three states issued *each* of the 41 emails Brinton received, an unreasonable—and illogical—assumption. If this were true, Brinton would have received three times the number of emails: 123 emails. *See Jauregui*, 28 F.4th at 993 (when estimating the amount in controversy, the removing party's reasoning and underlying assumptions must be reasonable). Similarly, Concora

baldly quantifies injunctive relief to be "in excess of $25,000." Dkt. 1 at 3. Such conclusory allegations do not factor into the Court's determination of the amount in controversy.

Concora's attempt to include $67,200 in attorneys' fees and costs in its calculation of the amount in controversy, Dkt. 30 at 13, fails as well. It correctly acknowledges that a pro se plaintiff is not entitled to attorneys' fees. *Kay v. Ehrler*, 499 U.S. 432, 435 (1991). The face of the Complaint, at the time of removal, shows that Brinton was pro se. Dkt. 5 at 8. That Brinton asked for attorneys' fees and costs and hired an attorney before Concora removed the action does not change that fact. *Id.* at 7; Dkt. 1 at 2.

Concora has not established by a preponderance of the evidence that the amount in controversy is greater than $75,000, and the Court does not have subject matter jurisdiction over Brinton's claims.

The Court declines to award Brinton attorneys' fees incurred as a result of removal. A court may award attorneys' fees incurred as a result of removal when the removing party lacked an objectively reasonable basis for seeking removal." 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Brinton's arguments imply Concora removed this case "for the purpose of prolonging litigation and imposing cost on the opposing party." *Id.* at 140. The Court finds no evidence of improper conduct by Concora. Each party should bear their own costs on this motion.

## III.  ORDER

Therefore, it is hereby **ORDERED** that Brinton's motion to remand, Dkt. 29, is **GRANTED**. The Clerk shall remand to the Clark County Superior Court and close the case.

Dated this 15th day of October, 2024.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge